5-429 268 S. W. 2d 385

Opinion delivered May 31, 1954.

F. C. Crow and Basil H. Munn, for appellant.

Weisenberger & Wilson, for appellee.

WARD, J. Appellant, Benjamin Tom Ward, and appellee, Katie Marie Biddle Ward, were married on July 12, 1951. Approximately three months later appellee gave birth to a child.

On October 2, 1952, appellant obtained a decree of divorce from appellee on the ground of willful desertion by appellee for a period of one year. One month previous to the divorce decree appellant and appellee entered into a written agreement to the effect that if a decree of divorce should be granted appellee should have custody of the child, Brenda Marie Ward, and that appellant would pay $25 per month for the support of said child. The divorce decree itself did not contain or make any reference to the said agreement but it embodied the same provisions concerning custody and support.

On October 6, 1953, appellant filed a complaint against appellee asking to have the said marriage annulled and declared void ab initio, and that he be relieved from making further payments for child support.

The material allegations in the complaint were: He and appellee had kept company for a period of about two years prior to said marriage; that his consent to said marriage was induced by duress and fraud on the part of appellee and her relatives; that they threatened him in divers ways, and represented to him that appellee's

father had developed a heart disease and could not stand the strain caused by the unmarried status of his daughter in her pregnant condition; that if appellee's father should die as a result of the strain appellee's relatives would hold him responsible; that appellee and her relatives had no conclusive knowledge that he was the father of said child, and that they knew or ought to have known "that other persons and not plaintiff might have been or could have been the father of said child"; that in other ways he was induced, against his will, to marry appellee; that at the time he consented to the marriage appellee knew he was not the cause of said pregnancy and not the father of the child, but that it was another person, that he has only recently discovered that appellee had indulged in sexual intercourse with different persons at or about the time she became pregnant, and that he is not the father of said child, and; that he has only recently learned that he was not in fact the father of the child, a fact which appellee well knew at all times.

Appellee filed a motion to dismiss appellant's complaint alleging, among other things, that the divorce decree of October 2, 1952, is an existing final judgment rendered upon the merits of the issue in this case by a court of competent jurisdiction, without fraud or collusion, and is conclusive of the rights, questions and facts in issue as to the parties in this case, and that no marriage now exists between the parties and therefore there is no marriage to set aside or annul.

Attached to appellee's motion to dismiss was the original court file in a divorce proceeding, case No. 7434. Included in this file were the following: (a) A complaint, signed by appellant's attorney and verified by appellant, in which he alleged that he was married to appellee on July 12, 1951; that immediately after the marriage defendant deserted and abandoned him; that to the marriage was born one child, Brenda Marie Ward; that he was entitled to divorce from defendant; that it would be for the best interest of the child for the mother to have custody, and; that he was able to contribute the sum of $25 per month for the support of the child. The

prayer was for a dissolution of the bonds of matrimony; (b) A waiver of service signed by Katie Marie Ward; (c) An agreement dated September 2, 1952, and signed by appellant and appellee in which it was agreed that in event the court should grant a divorce appellee should have custody of the child and appellant to pay $25 per month for its support, and; (d) A decree dated October 2, 1952, which, among other things, gave custody of the child to the mother, ordered appellant to pay $25 per month for its support, and dissolved "the bonds of matrimony heretofore existing between the plaintiff and defendant."

At the hearing on appellee's motion to dismiss it was agreed by both sides that the instruments mentioned above were the authentic and original papers in said case No. 7434. It was stated by the attorneys for appellant that they were not trying to annul the divorce decree mentioned above but that they were trying to annul the marriage that had been perpetrated by fraud.

The trial court granted appellee's motion to dismiss and we sustain this finding.

By this action appellant sought only to annul or set aside his marriage to appellee on July 12, 1951. It is conceded that this marriage relationship was dissolved by the decree of divorce dated October 2, 1952, in case No. 7434, which cause of action was instituted by appellant. Consequently when appellant's complaint in this case was filed on October 6, 1953, seeking to annul the marriage relationship existing between him and appellee as a result of their marriage on July 12, 1951, no marriage relationship existed between them, and none can exist between them until the divorce decree of October 2, 1952, is canceled and set aside. Under these circumstances appellant could not maintain an action to dissolve or annul a relationship which did not exist.

Affirmed.

Justice McFaddin concurs.